UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESITA A. CANUTO,<br><br>      *Plaintiff*,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.<br><br>      *Defendants*. | No. 22-cv-3538 (DLF) |

**ORDER**

In this action, Teresita A. Canuto alleges that the Department of Justice and the United States Attorney's Office for the District of Columbia negligently failed to act after Canuto suffered a series of batteries. Before the Court is the defendants' Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. 10. For three independent reasons, the Court finds that it lacks the jurisdiction to hear this action. Thus, it will grant the defendants' motion to dismiss and deny all other pending motions as moot.

**I.  Background**

Allegedly, over a period of several years, members of the United States military stalked Canuto, broke into her home, and sexually assaulted her in retaliation for her decision to bring a lawsuit against vaccine manufacturers. Compl. at 5, 11–12, Dkt. 1; *see* Ex. 1 at 3, Dkt. 1–1; *see* Compl. at 11, Dkt. 1, No. 1:23-cv-1798. In 2022, Canuto filed a pro se negligence action under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, that sought $60 million in damages from the Department of Justice and the United States Attorney's Office for "not act[ing] to battery"—that is, failing to prosecute the members of the military for their behavior in 2014 and

2015.  Compl. at 5.  In 2023, she filed a nearly identical action in this Court that sought $380 million from the Department of Justice for failing to prosecute military members for similar behavior between 2014 and 2020.  Compl. at 5, 16, Dkt. 1, 1:23-cv-1798.  This Court consolidated the two actions.

The defendants now move to dismiss on the grounds that (1) they are improper defendants under the Federal Tort Claims Act; (2) Canuto failed to exhaust her administrative remedies; and (3) the Federal Tort Claims Act's discretionary-function exception bars her claim.  *See* Mot. to Dismiss at 8–12.  After Canuto responded to the motion and the defendants replied to her response, Canuto filed a Motion to Dismiss Defendants' Motion to Dismiss Plaintiff's Complaint, *see* Dkt. 15.  The Court construed the filing as a sur-reply.  *Id.*  Thereafter, Canuto moved for leave to file her sur-reply, Dkt. 16, followed by a motion for judgment on the pleadings, Dkt. 18, a motion for leave to file the motion for judgment on the pleadings, Dkt. 19, a motion for leave to file another sur-reply, Dkt. 23, and a motion for leave to move for summary judgment, Dkt. 25.

**II.     Standards of Review**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  The burden is on the plaintiff to establish subject-matter jurisdiction.  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  When deciding a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged, and upon such facts determine [the] jurisdictional questions."  *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks omitted).  A court that lacks jurisdiction must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

### III. Analysis

The Court lacks jurisdiction over Canuto's action for three reasons.

First, Canuto sued the improper defendants. "The United States of America is the only proper defendant in a suit under the FTCA." *Chandler v. Fed. Bureau of Prisons*, 226 F.Supp.3d 1, 5 n.3 (D.D.C. 2016); *see also Al-Dahir v. F.B.I.*, 454 F.App'x 238, 243 (5th Cir. 2011); *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009); *Kucera v. Cent. Intel. Agency*, 347 F.Supp.3d 653, 660 (D.N.M. 2018) ("[A] federal agency like the CIA is not a proper defendant in an FTCA action."). Canuto sued two agencies, the Department of Justice and the United States Attorney's Office, instead of the United States in its own name. Because the Federal Tort Claims Act does not provide a cause of action for suit against these two agencies, the Court lacks jurisdiction over the lawsuit in its current state.

Second, Canuto has not shown that she exhausted her administrative remedies. The Federal Tort Claims Act requires a plaintiff to "present[] the claim to the appropriate Federal agency and . . . be[] finally denied by the agency in writing" before she may file a lawsuit on her claim. 28 U.S.C. § 2675(a). "[E]xhaustion is a jurisdictional requirement," *Mensaw-Yawson v. Raden*, 170 F.Supp.3d 222, 233 (D.D.C. 2016) (citing *GAF Corp. v United States*, 818 F.2d 901, 917–20 (D.C. Cir. 1987)), and "a plaintiff's failure to heed that clear statutory command warrants dismissal," *id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) (quotation marks omitted)). Canuto's pleadings and response to the motion to dismiss do not address her satisfaction of the Act's exhaustion requirement. *See generally* Compl.; Pl. Resp. to Mot. to Dismiss, Dkt. 11. In contrast, in an exhibit attached to the defendants' motion to dismiss, the defendants' declarant swears that "there is no record of an administrative claim being presented by Teresita A. Canuto" to the Department of Justice. Jenkins Decl. at ¶ 3, Dkt. 10-1; *cf. Rashad v. D.C. Cent. Det. Facility*, 570 F.Supp.2d. 20, 24 (D.D.C. 2008) (looking to a declaration attached to a motion to dismiss to

support dismissal for failure to exhaust); *Mensah-Yawson*, 170 F.Supp.3d at 233 (same).  Because Canuto has neither alleged nor demonstrated that she satisfied this prerequisite to the filing of a Federal Tort Claims Act lawsuit, the Court lacks jurisdiction to proceed with it.

Third, and perhaps most definitively, the government's alleged negligence falls within the discretionary function exception to the Federal Tort Claims Act.  The Act's waiver of sovereign immunity does not extend to claims "based upon the exercise . . . or the failure to exercise . . . a discretionary function or duty on the part of a federal agency . . . , whether or not the discretion involved was abused."  28 U.S.C. § 2680(a).  Canuto's chief complaint stems from the Department of Justice's decision not to "act" on a "battery" that members of the military allegedly inflicted on her following her decision to "opt out" of the vaccination program and bring a lawsuit against vaccine manufacturers.  Compl. at 4–12.  Canuto's precise claim is unclear, but she appears to allege unlawful inaction by government attorneys who failed to prosecute or take other action against military officials.  *See, e.g.*, *id.* at 10–11.  It is well-settled that prosecutorial discretion and supervisory decisions go to the heart of the discretionary function exception.  *Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995) ("Deciding whether to prosecute . . . [is] quintessentially discretionary."); *see also Gray v. Bell*, 712 F.2d 490, 513–14 (D.C. Cir. 1983) ("The discretion of the Attorney General in choosing whether to prosecute or not to prosecute . . . is absolute." (citation omitted)); *Chappell v. Wallace*, 462 U.S. 296, 305 (1983) ("[C]ourts are ill-equipped to determine the impact upon discipline that any particular intrusion upon military authority might have." (citation omitted)).  "The discretionary function exception is a barrier to subject matter jurisdiction."  *Loughlin v. United States*, 393 F.3d 155, 162 (D.C. Cir. 2004).  Because the Court lacks jurisdiction over Canuto's claims, it will dismiss her complaint without prejudice.  *See Norton v. United States*, 530 F.Supp.3d 1, 8 (D.D.C. 2021).

Finally, the Court will deny as moot Canuto's remaining motions, *see* Dkt. 16, Dkt. 18, Dkt. 19, Dkt. 23, Dkt. 25, because none of them remedy the jurisdictional issues in the complaint. "[O]nce a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

Accordingly, it is

**ORDERED** that the defendants' motion to dismiss, Dkt. 10, *see* Fed. R. Civ. P. 12(b)(1), is **GRANTED**, and the complaint, Dkt. 1, is **DISMISSED** without prejudice; it is further

**ORDERED** that the plaintiff's remaining motions, Dkt. 16, Dkt. 18, Dkt. 19, Dkt. 23, Dkt. 25, are **DENIED AS MOOT**.

The Clerk of Court is directed to close the case.

February 9, 2024

DABNEY L. FRIEDRICH
United States District Judge